**WO** SVK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lucio Gurulee, | No. CV 06-2991-PHX-MHM (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Ernest Trujillo, et al. | |
| Defendants. | |

In this civil rights action brought by a former inmate of the Arizona Department of Corrections (ADC), Defendant Trujillo moved to dismiss on the grounds that (1) Plaintiff failed to exhaust his administrative remedies and (2) Plaintiff's claim is barred by the statute of limitations. (Doc. #15.) Defendant also requested attorney's fees. (Id. at 6.) Plaintiff failed to respond. The Court will grant Defendant's motion to dismiss and deny the request for attorney's fees. The Court will also dismiss the remaining claims on the grounds that Plaintiff has failed to prosecute.

**I.     Background**

Plaintiff sued various ADC officials regarding an alleged failure to protect him from assault by other inmates in December 2004. (Doc. #1.) The Court ordered service on Trujillo but did not order service on the remaining Defendants, who were John Does. (Doc. #3.) Trujillo, Defendant in Count I, filed a Motion to Dismiss (Doc. #15.) The Court informed Plaintiff of his obligation to respond and the evidence necessary to successfully rebut Defendant's contentions. (Doc. #18.) Plaintiff did not respond to the Motion to

Dismiss. Plaintiff's copy of the Order withdrawing the reference to the Magistrate Judge was returned in the mail. (Doc. ##19, 20.) To date, Plaintiff has not notified the Court of his new address. The time for filing a response to Defendant's motion has expired, and the motion is ready for ruling.

## II.     Failure to Respond

Local Rule of Civil Procedure 7.2(i) provides that if a party files a motion to dismiss and the opposing party "does not serve and file the required answering memoranda, . . . such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." See also Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (providing that the district court did not abuse its discretion in summarily granting defendants' motion to dismiss pursuant to local rule where *pro se* plaintiff had time to respond to the motion but failed to do so).

After Defendant filed the Motion to Dismiss, the Court informed Plaintiff of his obligation to respond to the motion and that the failure to respond may "be deemed a consent to the granting of that Motion" (Doc. #18). Despite these warnings, Plaintiff failed to respond to Defendant's motion. Plaintiff's failure to respond to the motion will be construed as a consent to the granting of it. However, the merits of Defendant's motion will be addressed.

## III.    Motion to Dismiss

### A.     Legal Standard

A prisoner must first exhaust "available" administrative remedies before bringing an action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Woodford v. Ngo, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Exhaustion is an affirmative defense. <u>Jones v. Bock</u>, 127 S. Ct. 910, 919-21 (2007). Defendant bears the burden of raising and proving the absence of exhaustion. <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to decide disputed issues of fact. <u>Id.</u> at 1119-20. Further, a court has broad discretion as to the method to be used in resolving the factual dispute. <u>Ritza v. Int'l Longshoremen's & Warehousemen's Union</u>, 837 F.2d 365, 369 (9th Cir. 1988).

### B. Parties' Contentions

In support of his motion, Defendant submits the affidavit of Aurora Aguilar, a Hearing Officer with ADC, currently serving in the ADC Central Office; the affidavits of several other officers serving as unit Grievance Coordinators at various sites in the Arizona State Prison system; and a copy of the inmate grievance procedure. (Doc. #15, Ex. A, Aguilar Aff. ¶ 1; Exs. B and C.) According to Aguilar, Department Order 802, "Inmate Grievance System," governs ADC's grievance procedure. (Aguilar Aff. ¶ 4.) She attests that she examined the Grievance Appeal Log for final grievance appeals filed by Plaintiff regarding allegations that Trujillo refused to protect him from assault by other inmates because Plaintiff is a sex offender. (<u>Id.</u> ¶ 5.) She found no entries showing receipt of a final grievance on any matter from January 1, 2004 through August 14, 2007. (<u>Id.</u> ¶ 6.) The additional affidavits similarly indicate no record of a grievance filed by Plaintiff during the relevant time period.

Plaintiff filed no response. In his Complaint, Plaintiff alleged that, with regard to administrative remedies and Count I, he submitted a request for administrative relief and appealed a request to the highest level. (Doc. #1 at 4.)

### C. Analysis

Here, Defendant offers evidence that (1) the prison has a grievance procedure and the issue raised could have been grieved under that procedure and (2) Plaintiff filed no grievance on the issues. Plaintiff does not adequately dispute these assertions. Exhaustion is mandatory. <u>Porter</u>, 534 U.S. at 532. Defendant's motion will be granted and Count I dismissed without prejudice.

**IV.    Request for Attorney's Fees**

A prevailing defendant is awarded attorney's fees under 42 U.S.C. § 1988 only where the action is found to be "unreasonable, frivolous, meritless or vexatious." Legal Services of Northern Calif., Inc. v. Arnett, 114 F.3d 135, 141 (9th Cir. 1997) (quoting Vernon v. City of Los Angeles, 27 F.3d 1385, 1402 (9th Cir. 1994)). This standard is applied with particular strictness where plaintiff proceeds *pro se*. Miller v. Los Angeles, 827 F.2d 617, 620 (9th Cir. 1987) (citing Hughes v. Rowe, 449 U.S. 5, 15-16 (1980)); see also DeNardo v. Johnstone, 772 F. Supp. 462, 465 (D. Alaska 1991) (before awarding fees to a defendant where the plaintiff appears *pro se*, the court should be able to find that the plaintiff knew or should have known that his case was without merit). A court cannot assume that a *pro se* plaintiff has the same ability as one represented by counsel to recognize objective merit or lack thereof. Miller, 827 F. 2d at 620. But for example, if the *pro se* plaintiff makes repeated attempts to bring a claim that has been previously found frivolous, an award to defendants may be appropriate. Id.

Here, Defendant contends that Plaintiff misrepresented that he appealed requests for administrative relief to the highest level and that Plaintiff was less than candid when he omitted the date of the assault, which "covered up" the fact that Plaintiff did not file his Complaint within the applicable two-year statute of limitations. (Doc. #15 at 7.) Defendant argues that the misrepresentations were factors in the Court permitting this case to go forward *in forma pauperis* under 42 U.S.C. § 1915A(a). (Id.) While it is true that Plaintiff appears to have misrepresented that he appealed requests for administrative relief, it is not clear that he was aware of the significance of this issue and there is no evidence that he made repeated attempts to litigate without exhausting his remedies. In addition, there is nothing to suggest that Plaintiff, a layman, knew or should have known of the statute of limitations issue. The Court declines to award Defendant attorney's fees.

**V.    Remaining Claims**

The remaining counts of the Complaint—Counts II, III, and IV—are against John Doe Defendants who have not been served.

- 4 -

Plaintiff has the general duty to prosecute this case. See Fidelity Philadelphia Trust Co. v. Pioche Mines Consol., Inc., 587 F.2d 27, 29 (9th Cir. 1978). In this regard, it is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion. The Court does not have an affirmative obligation to locate Plaintiff. "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." Carey v. King, 856 F.2d 1439, 1441 (9th Cir. 1988); see also Local Rule of Civil Procedure 83.3(d) (plaintiff must file and serve a notice of change of address 10 days before his move is effective or, for an incarcerated person, within 5 days after the effective date of change). Plaintiff's failure to keep the Court informed of his new address constitutes a failure to prosecute.

Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action." In Link v. Wabash Railroad Company, 370 U.S. 626, 629-31 (1962), the Supreme Court recognized that a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute, even though the language of Rule 41(b) of the Federal Rules of Civil Procedure appears to require a motion from a party. Moreover, in appropriate circumstances, the Court may dismiss a complaint for failure to prosecute even without notice or a hearing. Id. at 633.

In determining whether Plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions." Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." Wanderer v. Johnston, 910 F.2d 652, 656 (9th Cir. 1990).

1        Here, the first, second, and third factors favor dismissal of this case. Plaintiff's failure
2   to keep the Court apprised of his current address and to serve the John Doe Defendants
3   prevents this case from proceeding in the future. The fourth factor, as always, weighs against
4   dismissal. The fifth factor requires the Court to consider whether a less drastic alternative
5   is available. But the Court need not exhaust every sanction short of dismissal before finally
6   dismissing a case. See Henderson, 779 F.2d at 1424. For example, if the Court were to order
7   Plaintiff to serve the John Doe Defendants within 30 days or show cause why dismissal were
8   not warranted, the Order "would only find itself taking a round trip tour through the United
9   States mail." Carey, 856 F.2d at 1441.

10       The Court finds that only one less drastic sanction is realistically available. Rule
11  41(b) provides that a dismissal for failure to prosecute operates as an adjudication upon the
12  merits "[u]nless the court in its order for dismissal otherwise specifies." In the instant case,
13  the Court finds that a dismissal with prejudice would be unnecessarily harsh. Counts II, III,
14  and IV will, therefore, be dismissed without prejudice pursuant to Rule 41(b).

15  **IT IS ORDERED:**

16       (1)  Defendant's Motion to Dismiss (Doc. #15) is **granted**. Count I of the Complaint
17  is dismissed, without prejudice, for lack of exhaustion.

18       (2)  Defendant's request for attorney's fees is **denied**.

19       (3)  Counts II, III, and IV are dismissed, without prejudice, for failure to prosecute.

20       (4)  The action is dismissed, and the Clerk of Court must enter judgment accordingly.

21       DATED this 6th day of March, 2008.

_____
Mary H. Murguia
United States District Judge